

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

PAMELA L. PARSONS      PLAINTIFF

v.      CIVIL ACTION NO. 4:12cv135 HTW-LRA

METROPOLITAN LIFE INSURANCE COMPANY      DEFENDANT

## NOTICE OF REMOVAL

COMES NOW Defendant, Metropolitan Life Insurance Company ("MetLife"), and files its Notice of Removal hereby removing this action from the Circuit Court of Neshoba County, Mississippi, to the United States District Court for the Southern District of Mississippi, Eastern Division. In support thereof, Defendant states:

1. This action is being removed to federal court pursuant to the Court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001, *et seq.* ("ERISA") and the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

2. A true and correct copy of the state court file, including all process and pleadings served on Defendant, is attached hereto as Exhibit "A."

3. Plaintiff Pamela L. Parsons initiated this civil action by filing her Complaint against MetLife in the Circuit Court of Neshoba County, Mississippi, Cause No. 12-CV-0145-NS-G.

## FEDERAL QUESTION JURISDICTION

4. The Plaintiff seeks accidental death benefits under an employee welfare benefit plan (the "Plan") established and maintained by Entergy Corporation and governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001-1461. The Plan was funded, at least in part, by a group insurance policy (Group Policy 1121854)

1

issued by defendant Metropolitan Life Insurance Company to Entergy. Attached as Exhibit A to the Complaint is a copy of the Entergy Corporation Companies' Benefits Plus Life Insurance Plan Summary Plan Description effective January 1, 2006. Plaintiff was an employee of Entergy and a participant in the Plan.

5. The Plaintiff filed her initial Complaint in this lawsuit on July 10, 2012, and then filed an Amended Complaint on July 17, 2012. Defendant was served with process on July 23, 2012, and this case first became removable to this Court at that time. This Notice of Removal is thus timely filed pursuant to 28 U.S.C. § 1446(b) within thirty days of service of process on Defendant.

6. The Plaintiff's Complaint asserts a claim for breach of contract for the denial of her claim for accidental death benefits and seeks an award of actual damages for said benefits. Further, Plaintiff alleges a claim of bad faith under Mississippi law arising out of the denial of her claim for accidental death benefits for which Plaintiff seeks punitive damages, attorneys' fees, prejudgment and post judgment interest. Because Plaintiff seeks benefits under an ERISA-regulated plan, her common law claims are completely preempted and governed exclusively by ERISA, 29 U.S.C. § 1144(a); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987), *overruled in part by Ky. Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 123 S. Ct. 1471, 155 L. Ed. 2d 468 (2003); *Hanson v. Continental Ins. Co.*, 940 F.2d 971, 979 (5th Cir. 1991). ERISA's civil enforcement provision, section 502(a) (29 U.S.C. 1132(a)), is the exclusive vehicle for actions by ERISA-plan beneficiaries asserting improper processing of benefit claims. *Pilot Life*, 481 U.S. at 52-57 (Congress intended that all suits brought by beneficiaries or participants asserting improper processing of claims under ERISA-regulated plans be treated as federal questions governed by ERISA § 502(a)).

7. Although federal preemption is generally a defense to a plaintiff's claim, when state common law causes of action, such as that asserted in Plaintiff's complaint, supplant ERISA's civil enforcement provision, they are completely preempted and therefore removable regardless of the wording of the complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *see also Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (complete pre-emption is an exception to the well pleaded complaint rule). The civil action filed by the Plaintiff in the Circuit Court of Neshoba County is therefore one of which the district courts of the United States have original jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331. Accordingly, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) and § 1446.

## DIVERSITY JURISDICTION

8. In addition to federal question jurisdiction, this Court has diversity jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332 and, thus, the removal of this matter is proper under 28 U.S.C. §§ 1441 and 1446.

9. As alleged in the Complaint, ¶ 1, Plaintiff is an adult resident citizen of the state of Mississippi.

10. Defendant is a corporation organized and existing under the laws of the State of New York with its principal place of business in the State of New York.

11. Accordingly, the citizenship of the Plaintiff is completely diverse from the citizenship of the Defendant.

12. While not specifically set forth in Plaintiff's Amended Complaint, the amount of accidental death benefits sought through Plaintiff's Complaint is $254,000. Additionally, Plaintiff seeks an unspecified amount of punitive damages, attorneys' fees, and "all additional

damages to which she would be entitled by law." Claims for an unspecified amount of punitive damages alone are sufficient to satisfy the jurisdictional minimum. *See, e.g., Montgomery v. First Family Financial Services, Inc.*, 239 F.Supp. 2d 600, 605 (S.D. Miss. 2002) (noting that federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction); *accord Allstate Ins. Co. v. Hilbun*, 692 F.Supp. 698 (S.D. Miss. 1988). Accordingly, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

13. The United States District Court for the Southern District of Mississippi and the Eastern Division of said Court are the district and division embracing the place wherein the aforesaid state court action is pending, and Plaintiff, upon information and belief, resides within the geographical area encompassed by this district and division. This Court is thus a proper venue for this action pursuant to 29 U.S.C. § 1132(e)(2).

14. Defendant will give written notice of the filing of this Notice of Removal to the Plaintiff, and a true and correct copy of this Notice will be duly filed with the Circuit Clerk of Neshoba County, Mississippi, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant requests this Court to proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the Circuit Court of Neshoba County, Mississippi, be hereby stayed.

Respectfully submitted,

**METROPOLITAN LIFE INSURANCE COMPANY**

By: /s/ Kenna L. Mansfield, Jr.
Kenna L. Mansfield, Jr. (MSB #1855)
Its Attorney

OF COUNSEL:
WELLS MARBLE & HURST, PLLC
300 Concourse Blvd., Suite 200
Ridgeland, Mississippi 39157
Post Office Box 131
Jackson, Mississippi  39205-0131
Telephone:  (601) 605-6900
kmansfield@wellsmar.com

## CERTIFICATE OF SERVICE

I, Kenna L. Mansfield, Jr., do hereby certify that I have this day caused a true and correct copy of the above and foregoing Notice of Removal to be served by United States mail, postage prepaid, on the following:

C. Victor Welsh, III
Pittman, Germany
Post Office Box 22985
Jackson, MS 39225

Wade White
Jordan & White
Post Office Drawer 459
Philadelphia, MS 39530
ATTORNEYS FOR PLAINTIFF

This the 21st day of August, 2012.

*/s/ Kenna L. Mansfield*
Kenna L. Mansfield, Jr.

5