# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60895
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
June 6, 2014
Lyle W. Cayce
Clerk

PAMELA L. PARSONS,

                Plaintiff - Appellant

v.

METROPOLITAN LIFE INSURANCE COMPANY,

                Defendant - Appellee



Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:12-CV-135

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Before the Court is a dispute as to whether an unexpected death is covered by the decedent's ERISA[1] plan. We find no dispute as to the lack of coverage and thus affirm summary judgment in favor of the plan provider.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] "ERISA" refers to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461, which establishes requirements for certain employer-provided benefits.

Albert M. Parsons, Jr., died on August 16, 2010. He was found unresponsive in his truck after having worked for around two hours outside in warm weather. Parsons was transported to a hospital, where a physician declared him dead as a result of "cardiopulmonary arrest." R. at 706. The State Medical Examiner later listed the cause of death as "cardiac arrest" and listed a possible contributing factor of "heat." R. at 568.

Following Mr. Parsons's death, his widow filed a claim for ERISA benefits. Metropolitan Life Insurance Company ("MetLife") issued the ERISA policy and serves as claims administrator. After MetLife determined that the death was not covered by the policy, Mrs. Parsons subsequently filed a breach of contract claim in state court. The case was removed to federal court, where the district court ultimately granted summary judgment in favor of MetLife.

We review summary judgment *de novo*. *Atkins v. Bert Bell/Pete Rozelle NFL Player Ret. Plan*, 694 F.3d 557, 566 (5th Cir. 2012) (citation omitted), *cert. denied*, 133 S. Ct. 1255 (2013). Where, as here, a plan "grant[s] the plan administrator discretionary authority to construe the terms of the plan or [to] determine eligibility for benefits, a plan's eligibility determination must be upheld by a court unless it is found to be an abuse of discretion." *Id*. Accordingly, we uphold the administrator's decision unless there is no "rational connection between the known facts and the decision . . . ." *Truitt v. Unum Life Ins. Co. of Am.*, 729 F.3d 497, 508 (5th Cir. 2013) (citation omitted). An ERISA claimant bears the burden of establishing policy coverage. *Perdue v. Burger King Corp.*, 7 F.3d 1251, 1254 n.9 (5th Cir. 1993).

The relevant terms of coverage are not in dispute. The policy informs policyholders that "[t]he Plan pays a benefit if you die or if you sustain certain physical losses from an injury caused by a covered accident, if [t]he accident is the sole cause of your death or physical loss; and [t]he death or physical loss

occurs within 365 days of the accident." R. at 805 (punctuation revised). An accident is "[a]n injury to the body that is caused directly and exclusively by a sudden, violent, unexpected, external incident." *Id.* at 847. In and of itself, cardiac arrest is not an "external incident," so Parsons' death is covered only to the extent that the cardiac arrest was caused by something that constitutes an accident under the plan.

The claims administrator did not abuse its discretion in finding no such accident. Appellant argues that the cardiac arrest was caused by accidental heat exposure. The argument is not persuasive. First, Alabama's heat is neither sudden nor unexpected, so it is not an accident. Moreover, to whatever extent one might construe the heat or exposure as "unexpected," Appellant did not provide the administrator with any evidence indicating that the cardiac arrest was caused "directly and exclusively" by the heat. Parsons had a history of hypertension, obesity, and other medical conditions known to increase the risk of cardiac arrest. He had discontinued his prescription medication for the hypertension. And while the medical examiner noted that "possibly heat was a contributing factor," the attending physician made no mention of heat exposure at all. So although Parsons's death might have in fact been caused in part by exposure to the heat, we cannot say that there is no "rational connection" between the facts presented and the administrator's conclusion that the cardiac arrest was not caused *exclusively* by a heat-related accident. Consequently, the claims administrator did not abuse its discretion in finding that the claimant had failed to meet her burden of establishing coverage. *Truitt*, 729 F.3d at 508.

AFFIRMED.